## Heasley's Estate. No. 1.

*W. N. Conrad*, for petitioner.

*Raymond E. Brown* and *Matthew A. Crawford*, contra.

GRAFF, P. J., thirty-third judicial district, specially presiding, March 23, 1935.—This matter comes before us upon a petition for a citation to file an account.

Joseph R. Heasley died on April 11, 1914, testate, appointing as his executor E. G. Heasley. By the terms of his will he devised and bequeathed an undivided one-sixth interest in his estate to Edward M. Heasley, which was:

"not to be paid to him personally, but that the same should be held by the said Elmer Grant Heasley, in trust for him and his use, to be paid to the said Edward Milton Heasley at such times and in such amounts as he, the said Elmer Grant Heasley, should deem wise, best and prudent."

E. Grant Heasley died intestate on October 21, 1931, and letters of administration upon his estate were issued to his widow, Bess H. Heasley. Edward M. Heasley thereafter filed petition in this case for a citation upon Bess H. Heasley, administratrix, to show cause why she should not file an account showing the administration of Elmer Grant Heasley as executor in the Estate of Joseph R. Heasley, deceased. The petition avers that E. Grant Heasley, as trustee, made small payments from time to time

to the petitioner, and that there is still a large balance due to him, upon his legacy and devise. The answer denies such, and avers that, long before the death of said Elmer Grant Heasley, he had paid to Edward M. Heasley an aggregate sum far in excess of the one-sixth part of the estate of Joseph R. Heasley. It is admitted that E. Grant Heasley filed no account at any time, during a period of more than 20 years subsequent to the date of the death of Joseph R. Heasley.

It is to be observed that the pleadings raise an issue of fact, which must be adjudicated, to determine whether E. G. Heasley, at the time of his death, was the fiduciary of any money or property belonging to the petitioner, for which he could be called upon to render an account.

It is of peculiar significance that the petitioner delayed for a period of more than 20 years before seeking an accounting in his father's estate. It is only after the death of E. Grant Heasley that such action was taken. This in itself causes suspicion to arise. It would clearly appear that the petitioner is now barred because of laches. We are therefore of the opinion that the petition is without merit.

*Order*

And now, March 23, 1935, the prayer of the petition is refused, and the citation heretofore issued discharged.